IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

EL RIO SOL TRANSMISSION, LLC,

        Plaintiff,

v.                                                                                                           No. 1:25-cv-00428-KG-JMR

ADOLFO SANCHEZ, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the motion to dismiss for failure to state a claim filed by third-party defendant MMR Group, Inc. ("MMR") under Federal Rule of Civil Procedure 12(b)(6). Doc. 17. For the reasons below, the motion is granted.

### I.    Background[1]

This is a contract dispute concerning property easements in New Mexico. In March 2020, Defendants Adolfo Sanchez, Christina Sanchez, Red Doc Land LLC, Sleeping Indian Reach LLC, and Sanctus Land LLC "executed agreements with SunZia Transmission, LLC ('SunZia'), granting SunZia the right to perpetual and assignable easements for two electrical transmission lines crossing two separate parcels of Defendants' land." Doc. 1 at 1. "In February 2024, SunZia assigned the easement agreements for the second transmission line to" Plaintiff El Rio Sol Transmission, LLC ("El Rio Sol"). *Id.*

According to El Rio Sol, Defendants have made various demands in bad faith that violate the contracts governing these transactions. El Rio Sol alleges that Defendants incorrectly

---

[1] The Court recounts this case's background using the pleadings, drawing all reasonable inferences in the nonmoving party's favor and describing only those facts relevant to MMR's motion to dismiss. *E.g.*, *WildEarth Guardians v. U.S. Forest Serv.*, 2025 WL 2430383, at *1 (D.N.M.).

demanded that El Rio Sol enter into a nearly $10 million construction contract to build "easement access facilities" under the parties' March 2020 "Letter Agreement." *Id.* at 4–6. El Rio Sol also alleges that Defendants improperly asserted the right to terminate the Letter Agreement creating the easement under a misreading of the "River Tracts Easement" and "Sleeping Indian Tracts Easement" Agreements. *Id.* at 6–11. Finally, El Rio Sol alleges that Defendant Red Doc Land LLC acted in bad faith by, for example, "mortgaging the property underlying the River Tracts Easement Agreement." *Id.* at 14–15.

Defendants answered the complaint and brought amended counterclaims and a third-party complaint against SunZia, El Rio Sol, and MMR. Doc. 14 at 24. Defendants allege only that MMR was the "parent company" of SunZia and El Rio Sol, *id.* at 3, and that "MMR/El Rio Sol" or "El Rio Sol/MMR" engaged in misconduct in the easement transactions. *Id.* at 7, 30, 32–33. Defendants do not allege any independent conduct by MMR.

MMR moved to dismiss under Rule 12(b)(6), arguing that its mere ownership of El Rio Sol does not give rise to liability for its subsidiary's conduct under a "hallmark of American corporate law." Doc. 17 at 1. Defendants opposed the motion. Doc. 31. Defendants concede that MMR cannot be held liable merely "because it is the owner of [El] Rio Sol," but they contend that "MMR played a role in the negotiations," citing various exhibits attached to their response that include allegations that do not appear in the third-party complaint. *Id.* at 11. Alternatively, Defendants ask for leave to amend their third-party complaint. *Id.* at 12.

## II.   Standard of Review

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible if it creates a "reasonable inference that the defendant is liable for

the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  The Court treats the allegations as true, but "labels and conclusions" and "formulaic recitation[s] of the elements of a cause of action" are not credited.  *Twombly*, 550 U.S. at 555.  Under Rule 15(a)(2), courts "should freely give leave when justice so requires."

### III.   Analysis

The Court grants MMR's Rule 12(b)(6) motion to dismiss, as Defendants fail to allege plausible claims against MMR in the third-party complaint.

The law in this area is well established.  "It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51, 61 (1998).  "To find that a subsidiary is the alter ego of the parent corporation" and pierce the corporate veil, "it must be established that the parent control" over the subsidiary "is so complete as to render the subsidiary an instrumentality of the parent." *Vela v. Sterigenics U.S., LLC*, 2024 WL 83015, at *5 (D.N.M.) (citation omitted).  There are "several indicia of alter ego," including whether:

> (1) the parent corporation owns all or majority of the capital stock of the subsidiary; (2) the parent and subsidiary corporations have common directors or officers; (3) the parent corporation finances the subsidiary; (4) the parent corporation subscribes to all the capital stock of the subsidiary or otherwise causes its incorporation; (5) the subsidiary has grossly inadequate capital; (6) the parent corporation pays the salaries or expenses or losses of the subsidiary; (7) the subsidiary has substantially no business except with the parent corporation or no assets except those conveyed to it by the parent corporation; (8) in the papers of the parent corporation, and in the statements of its officers, the subsidiary is referred to as such or as a department or division; (9) the directors or executives of the subsidiary do not act independently in the interest of the subsidiary but take direction from the parent corporation; [and] (10) the formal legal requirements of the subsidiary as a separate and independent corporation are not observed.

*Id.* at *5 (citation omitted). "Not all of these guidelines must be met[;] these are only factors for the trial court to consider in determining whether or not to recognize the corporations as separate entities." *Id.* (citation omitted).

Defendants do not raise any allegations in their third-party complaint that plausibly pierce the corporate veil—for example, that MMR had "pervasive or dominant control of the affairs" of El Rio Sol, "undercapitalization" of El Rio Sol, or a "fraudulent attempt to segregate liabilities." *Champaign v. CenturyLink Commc'ns*, 2023 WL 2308246, at *4 (D.N.M.). As discussed above, the third-party complaint mentions MMR only in passing or in phrases that improperly lump together the parent company with its subsidiary El Rio Sol. *See, e.g.*, Doc. 14 at 7, 30, 32–33 (repeatedly alleging that "MMR/El Rio Sol" or "El Rio Sol/MMR" engaged in misconduct, without providing additional details). The Court therefore agrees with MMR that "there are no specific allegation against MMR except that it owns [El] Rio Sol" and that the "actions of [El] Rio Sol somehow implicate MMR because of such ownership." Doc. 17 at 5. Dismissal for failure to state a claim is warranted under these circumstances.

Defendants assert that they seek to hold MMR responsible, not because of MMR's ownership of El Rio Sol, but because "MMR is directly liable for its own wrongful acts and directed benefited from same." Doc. 31 at 10. The third-party complaint, however, is devoid of allegations that MMR engaged in any of "its own wrongful acts" separate and apart from El Rio Sol. Defendants attempt to get around this problem by attaching affidavits and exhibits to their response to El Rio Sol's motion to dismiss. *See* Doc. 31. But the Court considers only the complaint when deciding a Rule 12(b)(6) motion and declines to convert the motion into a summary judgment motion with discovery ongoing in this case. *E.g.*, *Ashcroft*, 556 U.S. at 678 (stating that a Rule 12(b)(6) motion tests the sufficiency of the complaint).

### IV.     Conclusion

The Court grants MMR's Rule 12(b)(6) motion to dismiss (Doc. 17) and dismisses the third-party complaint in its entirety as to MMR.  Dismissal is without prejudice, and Defendants may file an amended third-party complaint within 21 days of this order.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.