IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EL RIO SOL TRANSMISSION, LLC,

Plaintiff,

v. No. 1:25-cv-00428-KG-JMR

ADOLFO SANCHEZ, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Farm Water, LLC's ("Farm Water") Motion to Dismiss Plaintiff's First Amended Complaint for Failure to State a Claim or, in the Alternative, Motion for More Definitive Statement, Doc. 70, Plaintiff El Rio Sol Transmission, LLC's response ("Rio Sol"), Doc. 77, and Farm Water's reply, Doc. 87. For the reasons below, the motion is denied.

***I. Background***

This is a contract dispute related to the construction of two electrical transmission lines over property owned by Defendants Adolfo Sanchez, Christina Sanchez, Red Doc Land, LLC, Sleeping Indian Ranch, LLC, and Sanctus Land, LLC (the "Sanchez Defendants"). Doc. 87 at 4. In March 2020, the Sanchez Defendants granted Rio Sol's predecessor-in-interest, SunZia Transmission, LLC ("SunZia"), "the right to perpetual and assignable easements" across their property to construct two transmission lines. Doc. 61 at 2. SunZia and the Sanchez Defendants executed a separate agreement ("Letter Agreement") that required SunZia to contract with Farm Water, a construction company owned by the Sanchez Defendants. Doc. 61-4 at 1. The Letter Agreement stated, in relevant part, SunZia "will enter into a construction agreement...with Farm Water...to the extent and if and as required" to perform "only the Work necessary for the

Easements to support construction of the SunZia facilities or temporary relocation of the cattle operations affected by this work." Doc. 87 at 4–5.

In February 2024, SunZia assigned to Rio Sol its rights under two easement agreements and "all of its rights, duties, and obligations relating to Line 2 arising under or contained in the Letter Agreement." Doc. 61 at 2.

In March 2025, Rio Sol received a demand letter from the Sanchez Defendants. *See generally* Doc. 61-10. The letter informed Rio Sol of its obligation under the easement agreements to begin construction of access facilities for the transmission line "within (3) three years after the recording date of this Easement" or else the Sanchez Defendants would exercise their right to terminate the easements. Doc. 61-10 at 3–4.

In April 2025, Rio Sol received a second demand letter from the Sanchez Defendants concerning the terms of the Letter Agreement. Doc. 61 at 6; Doc. 61-4 at 1. The letter stated that Rio Sol is obligated to contract with RDF Construction, LLC, a construction company owned by the Sanchez Defendants, for the construction of access support facilities for the electric transmission line. Doc. 61-4 at 2–3. The Sanchez Defendants demanded Rio Sol "immediately enter into a construction contract" or else be sued for breach of contract. Doc. 14 at 5.

In response, Rio Sol filed the present action seeking, in pertinent part, a declaratory judgment clarifying:

> a. that the Letter Agreement does not require El Rio Sol to execute a construction agreement by the date demanded in the April Demand Letter and does not require El Rio Sol to pay for prior work unless that work is necessary for the Easements or construction of Line 2;

b. that any construction agreement executed pursuant to the Letter Agreement requires payment only for future work on land subject to the applicable easement.

Doc. 61 at 13–14.

Farm Water moves to dismiss Rio Sol's Amended Complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that it was not a party to the demand letters and, therefore, "is not an actor in any of the complained of actions." Doc. 70 at 4. In the alternative, Farm Water requests a more definitive statement from Rio Sol as to the specific actions taken by Farm Water and what relief Rio Sol seeks. *Id.* at 5. Rio Sol opposes the motion, asserting that as a party to the Letter Agreement, Farm Water "is a necessary party to this matter...[whose] rights under the Letter Agreement may be adjudicated." Doc. 77 at 2. Farm Water concedes that it "is a beneficiary of the side letter agreement," but contends that "the scope of the construction contract called for by the side letter agreement...can be determined in the litigation between" Rio Sol and the Sanchez Defendants. Doc. 87 at 2.

## *II. Legal Standard*

"To withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (internal quotation marks and citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009)). Courts assume the factual allegations are true and "disregard all conclusory statements of law." *Kansas Penn Gaming*, 656 F.3d at 1214. Courts generally review "only the allegations within the four corners of the complaint," including exhibits attached to the complaint, and

"documents referenced in the complaint that are central to the plaintiff's claims." *Brown v. City of Tulsa*, 124 F.4th 1251, 1263–64 (10th Cir. 2025) (internal quotation marks and citations omitted).

## *III. Analysis*

The Court denies Farm Water's motion to dismiss because Farm Water is a necessary party to this dispute. In general, "all interested parties should be joined in a declaratory judgment action whenever possible." *State Farm Mut. Auto. Ins. Co. v. Mid-Continent Cas. Co.*, 518 F.2d 292, 296 (10th Cir. 1975). Courts have construed the Declaratory Judgment Act, 28 U.S.C. § 2201, to only require joinder of defendants who are "directly involved with the case's controversy." *Potomac Ins. Co. of Il. v. Pella Corp.*, 2001 WL 421255, at *3 (D. Kan.) (noting that "[i]f a party's interest is not directly intertwined with the controversy, then any relief will only be advisory at best"); *see also RFF Fam. P'ship, LP v. Link Dev., LLC*, 849 F. Supp. 2d 131, 137 (D. Mass. 2012) (stating that "[a] court should nevertheless hesitate to require a party to remain in a declaratory judgment action if that party is only tangentially involved with the controversy at issue and does not wish to be caught up in the litigation").

Here, Farm Water concedes that it is a beneficiary of the Letter Agreement but argues that the Court can decide Rio Sol's obligations under the Letter Agreement without Farm Water's presence. Doc. 87 at 2. The Court disagrees. The Letter Agreement requires Rio Sol to contract with Farm Water to construct access facilities for the electrical transmission line. Doc. 87 at 4–5. Rio Sol seeks an order clarifying whether it must contract with Farm Water by a certain date, and whether the Letter Agreement requires Rio Sol to pay for past completed work. Doc. 61 at 13–14. Farm Water has a financial interest in this dispute that flows directly from the Letter Agreement at issue here. Therefore, the Court is convinced Farm Water is a proper party

to this suit as its interest may be directly affected by the Court's resolution of the declaratory judgment claim.

The Court also denies Farm Water's alternative request for a more definitive statement. Federal Rule of Civil Procedure 12(e) permits a party "to move for a more definitive statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Courts generally disfavor motions for a more definitive statement and will only grant such motions "in a case of unintelligible pleadings rather than as a correction for a lack of detail." *Hernandez v. Bd. Of Cnty. Comm'rs Cnty. of Grant, N.M.*, 2005 WL 8163571, at *1 (D.N.M.). Rio Sol's allegations are sufficiently specific to alert Farm Water of the relief sought. Rio Sol seeks to clarify its obligations under the Letter Agreement; namely, when it must execute a contract with Farm Water and whether Rio Sol is only required to pay Farm Water for future work. Doc. 61 at 13–14; Doc. 77 at 8. Thus, Rio Sol has adequately stated a claim for relief to overcome a Rule 12(e) motion.

## *IV. Conclusion*

For the reasons above, Farm Water's motion to dismiss, Doc. 70, is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.