IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

EL RIO SOL TRANSMISSION, LLC,

Plaintiff,

v. No. 1:25-cv-00428-KG-JMR

ADOLFO SANCHEZ, et al.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff El Rio Sol Transmission, LLC's ("Rio Sol") Motion for Judgment on the Pleadings, Doc. 78, Defendant Farm Water, LLC's ("Farm Water") response, Doc. 86, and Rio Sol's reply, Doc. 90. Farm Water also moves the Court for leave to file a surreply, *see* Doc. 94, and Rio Sol has responded, Doc. 95. Having considered the parties' briefing, the Court denies both motions.

***I. Background***

The background of this case is set forth in the Court's prior Order, Doc. 109. The Court briefly restates relevant facts and includes the following additional facts. Rio Sol's predecessor-in-interest, SunZia Transmission, LLC ("SunZia"), entered into an agreement (the "Letter Agreement") with Defendants Adolfo Sanchez, Christina Sanchez, Red Doc Land, LLC, Sleeping Indian Ranch, LLC, and Sanctus Land, LLC (the "Sanchez Defendants") for the construction of access facilities for two electrical transmission lines. Doc. 78 at 6–9. Under the terms of the Letter Agreement, SunZia agreed to "enter into a construction agreement...with Farm Water...to the extent and if and as required" to perform "only the Work necessary for the Easements to support construction of the SunZia facilities or temporary relocation of the cattle

operations affected by this work." Doc. 87 at 4–5. SunZia later assigned to Rio Sol its rights, duties, and obligations relating to one of the transmission lines "arising under or contained in the Letter Agreement." Doc. 61 at 2.

The Sanchez Defendants sent Rio Sol two demand letters notifying Rio Sol of its obligations under the Letter Agreement to execute a construction contract, but demanded Rio Sol contract with RDF Construction, LLC—a separate construction company also owned by the Sanchez Defendants. Doc. 61-4 at 1–2; Doc. 61-10 at 3–4. Rio Sol subsequently filed the present action seeking a declaratory judgment clarifying its obligations under the Letter Agreement. *See* Doc. 61.

Farm Water moved to dismiss Rio Sol's Amended Complaint, asserting that it was not a necessary party to this dispute and was merely a beneficiary of the Letter Agreement. Doc. 87 at 2. The Court denied the motion. *See* Doc. 109. In that motion, however, Farm Water stated that it was "closed and no longer in operatio[n]." Doc. 70 at 2. Rio Sol now moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) "because Farm Water has repudiated its contract with Rio Sol[.]" *Id.* at 4. Farm Water opposes the motion, contending that it "is in fact still registered with the state of New Mexico and in good standing," and "ready, willing, and able to perform the construction contract." Doc. 86 at 2–3.

In its reply, Rio Sol argued, in relevant part, that Farm Water failed to establish its operation because "mere registration of an LLC does not mean an LLC is in operation." Doc. 90 at 4–5. Farm Water moves the Court for leave to file a surreply and contends that Rio Sol "raises a new argument[] in that it now asserts that being in good standing...is somehow different from being in operation." Doc. 94 at 2.

## *II. Analysis*

The Court concludes (A) a surreply is not warranted, and (B) material issues of fact remain in dispute precluding judgment on the pleadings.

### *A. The Court denies Defendants' motion for leave to file a surreply.*

The Court declines to grant Farm Water leave to file a surreply. A party must seek leave of the Court before filing a surreply. D.N.M.LR-Civ. 7.4(b). "The decision to grant or deny leave is committed to the sound discretion of the Court." *Perna v. Bd. Of Cnty. Commn'rs of Cnty. Of Bernalillo*, 2023 WL 10681613, at *1 (D.N.M.) (internal quotation marks and citation omitted). In evaluating whether a surreply is appropriate, courts consider "whether the movant's reply presents new arguments for the first time and whether the nonmovant's proposed surreply would be helpful to the resolution of the pending motion." *Id.*

Farm Water argues that "Plaintiff's Reply raises a new arguments [sic] in that it now asserts that being in good standing (and thus clearly able to enter into and perform under a contract) is somehow different from being in operation." Doc. 94 at 2. The Court disagrees. Farm Water's proposed argument—that while it is not presently in operation, it is still in good standing and able to enter into or perform under a contract—does not respond to an argument introduced in Rio Sol's reply brief. *See* Doc. 94 at 6. Farm Water merely restates an argument it previously raised in its response brief. *See* Doc. 86 at 4 (asserting that "[s]ince Farm Water is still in existence and capable of entering into a construction contract...El Rio Sol has not established entitlement to judgment as a matter of law"). The Court is not persuaded a surreply is necessary and, therefore, does not consider the document in its decision.

***B. The Court denies Rio Sol's motion for judgment on the pleadings.***

A motion for judgment on the pleadings under Rule 12(c) "is evaluated under the same standard applicable to motions filed under Ruler 12(b)(6)." *Wirth v. PHC-Las Cruces Inc.*, 553 F. Supp. 3d 920, 923 (D.N.M. 2021). [A]ll well-pleaded factual allegations stated in the pleadings of the non-moving party are assumed to be true and all reasonable inferences from these facts are drawn in favor of the non-moving party." *Hill v. Cay Rsch., Inc.*, 864 F. Supp. 1070, 1077 (D.N.M. 1991). Dismissal is appropriate if "it appears beyond doubt that the [non-moving party] can prove no set of facts in support of his claim which would entitle him to relief." *Aspenwood Inv. Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004) (internal quotation mark and citation omitted).

Construing all reasonable inferences in the light favorable to Farm Water, the Court concludes judgment on the pleadings is not appropriate. Rio Sol argues that Farm Water's statement it is "closed and no longer in operation" constitutes an anticipatory repudiation of the Letter Agreement. Doc. 78 at 4. To establish a claim for anticipatory repudiation, Rio Sol needs to show Farm Water "provided a distinct, unequivocal, and absolute refusal to perform according to the terms of the agreement." *Strobel v. Rusch*, 2020 WL 2840258, at *4 (D.N.M.) (quoting *Hoggard v. City of Carlsbad*, 1996-NMCA-003, ¶ 2). Here, a dispute of material fact remains as to whether Farm Water is wholly unable to perform. Farm Water's registration and certificate of good standing signify that it is generally authorized to execute and perform on a contract. *See, e.g.*, Am. Jur. 2d Corporations § 74:1481 (2026) (recognizing that organization "duly recognized, validly existing and in good standing...has the requisite corporate power and authority to own, lease, and operate it assets and properties and to carry on its business"); *see also* Restatement (Second) of Conts. § 250(c) ("In order to constitute a repudiation, a party's act must be both

voluntary and affirmative, and must make it *actually or apparently impossible for him to perform*." (emphasis added)). While Farm Water is not presently operating, a reasonable jury could find that Farm Water can fulfill its obligations under the Letter Agreement by restarting its operations. *But see e.g.*, *In re Griffin Mfg. Co.*, 43 F.2d 624, 626 (N.D. Ga. 1930) (noting that bankruptcy "whether voluntary or involuntary, is an anticipatory breach of contract...by disabling the promisor to perform and by putting the business into other hands"). The Court will therefore deny the motion.

***IV. Conclusion***

For the reasons above, Rio Sol's Motion for Judgment on the Pleadings, Doc. 78, is denied. Farm Water's Motion for Leave to File Sur-Reply, Doc. 94, is denied.

IT IS SO ORDERED.

/s/Kenneth J. Gonzales
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the Court's PACER public access system.